**ALANNA D. COOPERSMITH, SBN 248447**
Attorney at Law,
717 Washington Street
Oakland, California 94607
T-(510) 628-0596
F-(866) 365-9759
alanna@eastbaydefense.com

Attorney for Defendant
Jesus Dario Gutierrez-Ramirez

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **TRAVON SIGLER**, <br><br> Defendant. | NO. 19-CR-00033 EMC <br><br> **DEFENDANT'S SENTENCING MEMORANDUM** <br><br> Date:  December, 2019 <br> Time: 2:30 PM <br> Honorable Edward M. Chen |

Defendant, Travon Sigler, will appear before the Court on December 18, 2019 for sentencing.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties have submitted a plea agreement for the Court's consideration, under which Mr. Sigler would receive a sentence of five years in prison, the mandatory minimum for the offense, followed by four years of supervised release.  The probation officer is in agreement with the disposition.

For the following reasons, the defendant respectfully submits that the disposition is fair and fulfills the objectives of punishment under 18 U.S.C. § 3553 of reflecting with the seriousness of the crime, promoting respect for the law, and providing just punishment.

**I.  Applicable Law**

The defendant does not take issue with the probation officer's calculation of the Guidelines range.

Criminal "punishment should fit the offender and not merely the crime." *Williams v. New York*, 337 U.S. 241, 247 (1949). That requires "the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes, magnify, the crime and punishment to ensue." *Gall v. United States*, 552 U.S. 38, 52 (2007) (quoting *Koon v. United States*, 518 U.S. 18, 113 (1996).

"The district court may not presume that the Guidelines range is reasonable. Nor should the Guidelines factor be given more or less weight than any other." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (cites omitted) (en banc). "While the Guidelines factors are to be respectfully considered, they are one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence." *Id.*

In fashioning a sentence, the court should consider the factors set forth in 18 U.S.C. § 3553(a). The "overarching" goal is to "'impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (citing 18 U.S.C. § 3553(a), internal quotation marks omitted).

**II. The Fairness of the Agreed Sentence**

Travon Sigler did in fact make multiple sales of methamphetamine to an undercover agent. He has not denied wrongdoing or tried to deflect blame for his behavior. He has accepted remorse for his behavior from very early on. That has freed up resources for the government.

Drugs hit a personal note for him (or should). Mr. Sigler mother succumbed to a drug overdose when he was 13-years old. Her death was sudden. She was eight-months pregnant. He experienced profound grief that was painful to process. He felt abandoned and alone. After her death, Mr. Sigler's behavior changed markedly. He began hanging out on the streets of his neighborhood with people who were not positive role models. He has a single tattoo on his tattoo: a pregnant angel, which represents his mother.

At 44-years old, this case signifies a make-or-break moment for him. He does not wish to spend my more time in prison or jail. He wants to look his sister in the eye, and tell her he is clean. Mr. Sigler intends to avail himself of the educational opportunities offered in prison. He humbly requests that the Court to refer him to the Residential Drug Abuse Treatment Program.

**Conclusion**

For all of the above reasons, defendant Travon Sigler respectfully requests that the Court sentence him to a term of 60 months' imprisonment followed by a term of four years of supervised release. Such a sentence would be sufficient, but not greater than necessary, to achieve the goals of sentencing. He also respectfully asks that the Court consider referring him to the Residential Drug Abuse Treatment Program.

Dated: December 11, 2019                                   Respectfully Submitted,

                                                           _____
                                                           Alanna D. Coopersmith
                                                           Attorney for Defendant,
                                                           Travon Sigler